# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br><br>            Plaintiff,<br><br>     v.<br><br>MUELLER, et al.,<br><br>            Defendants. | Case No.  1:16-cv-00444-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND TO DISMISS WITHOUT PREJUDICE**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Gary Dale Barger (a.k.a. Gary Francis Fisher, inmate number F-85263), is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  For the reasons set forth below, the Court finds that Plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*.

A prisoner may not proceed *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, Plaintiff has

---

[1] Plaintiff checked the box on the form complaint for proceeding under 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) instead of that for 28 U.S.C. § 1343; 42 U.S.C. § 1983.  However, Plaintiff's allegations pertain to his incarceration in state prisons and are asserted against state government actors, not federal government actors and are properly analyzed under standards applicable to claims under § 1983.

1

brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Fisher v. McGee*, 2:13-cv-8137-UA-MAN (C.D. Cal.) (dismissed on December 11, 2013, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)[2], and for naming immune defendants); (2) *Barger v. FBI*, 1:13-cv-535-DLB (E.D. Cal.) (dismissed on November 21, 2013, for failure to state a claim); and (3) *Fisher v. FBI*, 1:13-CV-414 LJO-SAB (E.D. Cal.) (dismissed on July 26, 2013, for failure to state a claim).

The exception under section 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

Here, as in Plaintiff's prior actions, the Complaint is convoluted and nearly incomprehensible. (Doc. 1.) Plaintiff is currently housed at the facility he was located when he filed this action -- Salinas Valley State Prison ("SVSP"). However, Plaintiff identifies defendants from three facilities. Specifically, on the second page of the Complaint, Plaintiff left the lines for identifying the first defendant blank and wrote in "1st Watch" at Pelican Bay State Prison ("PBSP") for the second defendant, "3rd Watch" C.O. Phillips at California State Prison in Corcoran ("CSP-Cor") for the third defendant, and "3rd Watch" Henderson Sgt. at SVSP for the fourth defendant. (*Id.*, at 2.) Plaintiff thereafter attached pages for three causes of action. (*Id.*, at 3-5.)

---

[2] In *Heck*, the Supreme Court clarified that a dismissal pursuant to the rule announced therein was a denial of "the existence of a cause of action [under § 1983]." *Heck*, 512 U.S. at 489. Absent a cause of action, there is no claim upon which relief can be granted. Dismissals pursuant to *Heck*, therefore, can reasonably be interpreted as dismissals for failure to state a claim, and qualify as strikes under 1915(g). *Duncan v. Ramirez*, No. C 12-6251, 2013 U.S. Dist. LEXIS 93840, at *4 (N.D. Cal. July 3, 2013); *Ortega v. Heitkamp*, No. 2:11-cv-2735 GEB CKD, 2013 U.S. Dist. LEXIS 9246, at *3 (E.D. Cal. Jan. 23, 2013); *see also Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

In his first cause of action, Plaintiff checked the boxes raising issues involving mail, access to the court, medical care, threat to safety, and also wrote "Attempted murder." (*Id.*, at 3.) It appears that Plaintiff wrote the words "Attempted murder" in hopes that the Court would merely glance over the Complaint, see those words, and find that he had met the imminent danger exception of § 1915(g). However, Plaintiff's factual allegations fail to show anything other than tampering with his mail.

In the supporting facts section, Plaintiff alleges that his "military mail" was "left hanging" at CSP-Cor and that "[t]here is no other reasoning other than these C.O.s are al Qaeda" and that the judges in this circuit are "either al Qaeda also or bought off by al Qaeda and CDCR."[3] (*Id.*) Plaintiff further alleges that it is "not too much to believe people now favor Nation of Islam. They have integrated in all walks of life. There are a few ways to tell and one is misappropriate non-handling of U.S. Mail and that is non-handling of military mail al Qaeda." (*Id.*, at 3.) Regarding how he was injured by the actions or inactions of the Defendant(s) Plaintiff wrote: "I do math on KSCU our Killer Satellite Communication Unit the coordinates of it undelivered then al Qaeda gets the." (*Id.*)

In his second cause of action, Plaintiff checked the boxes raising issues involving excessive force by an officer as well as a threat to his safety and, this time, twice wrote in "attempted murder." (*Id.*, at 4.) Plaintiff alleges in this cause of action that CDCR is retaliating against him and that he has exhausted the inmate appeals process trying to obtain healthcare and relief from pain. (*Id.*) Plaintiff alleges that "the Quack CDCR hires" took his wheelchair away to let him know "it was in real time, the real thing" and that he was never interviewed and his cellmate "was never given the gist to complete that kind of damage so the cellmate was given the wrong sentence." (*Id.*) Plaintiff alleges that he "was watched very good to see if [he] progress in a meaningful way so [he] was not a threat with a lawsuit." (*Id.*) In the section for his injury, Plaintiff indicates that he is partly paralyzed and that issue of his "medication or under medication" has been exhausted. (*Id.*)

---

[3] All quotes of Plaintiff's allegations are verbatim.

In his third cause of action, Plaintiff alleges that his T.V. screen was broken apparently in retaliation for his litigious activities and that "Judge Orrick and the San Francisco Division" deliberately closed cases that he filed in the Northern Division. (*Id.*, p. 5.)

In his request for relief at the end of the Complaint, Plaintiff writes: "To simply pay my legal and physical damage #1 I will never walk in a meaningful way." (*Id.* at 6.)

Plaintiff does not allege he faced imminent danger of serious physical injury at the time he filed his Complaint, and there is no plausible basis for concluding such a danger existed. The imminent danger exception of § 1915(g), thus does not apply. As Plaintiff has not paid the filing fee and is not eligible to proceed *in forma pauperis*, this action must be dismissed.

Accordingly, IT IS HERBEY RECOMMENDED that Plaintiff's motion to proceed *in forma pauperis* be denied and this action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 4, 2016**                                   **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE