# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br><br>          Plaintiff,<br><br>     vs.<br><br>MUELLER, et al.,<br><br>          Defendants. | Case No. 1:16-cv-00444-AWI-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR RECONSIDERATION PER FED. R. CIV. P. 60(b)**<br><br>**(Doc. 7)** |

Plaintiff, Gary Dale Barger, *a.k.a.* Gary Francis Fisher, is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 26, 2016, the matter was dismissed without prejudice to re-filing upon prepayment of the $400 filing fee because Plaintiff's application to proceed *in forma pauperis* was denied. (Docs. 5, 6.)

Three months after the case was closed, Plaintiff filed an untitled document that the Court will construe as a motion for reconsideration of the dismissal order. In his motion for reconsideration, Plaintiff asserts that: prison staff failed to give him a certified copy of his trust account statement (Doc. 7, pp. 2-3); that his mail is being tampered with (*id.*, pp. 4-5, 7); that he has difficulty accessing the law library (*id.*, p. 6); that he has been denied the right to review his C-file (*id.*, p. 7); he asserts that he has filed numerous complaints, but if the Court will investigate them all and go back five years it will find that everything started with his mail being tampered

with (*id.*, p. 8); that Scott Nicholas Graham attempted to murder[1] him at CSP-Sacramento and he feels he is in imminent danger because he was transferred back there and therefore he "should be exempt from the payment of charges from photocopies" (*id.*, pp. 9-10); that he has asked for an Olsen Review, but has not received it (*id.*, p. 11); Plaintiff asks "What is a strike?" and asserts that none of the complaints he has filed were malicious, he acknowledges that they may be repetitive and fail to state a claim, but all of his complaints "should be given a chance" (*id.*, p. 12); that "[t]he statute of limitations may have run its course" (*id.*, p. 13); and that "[t]here could be no material issues of the (sic) fact" (*id.*).

The history that led up to dismissal of this action is straightforward. Along with his Complaint, Plaintiff filed an application to proceed *in forma pauperis*. (Doc. 2.) This request was reviewed and, on May 5, 2016, a findings and recommendation issued to deny Plaintiff's application because he had three strikes under 28 U.S.C. § 1915(a) and did not plead facts that were sufficient to the meet the eminent danger exception. (Doc. 4.) This findings and recommendation was served on Plaintiff[2] and provided him with a twenty-one day deadline to file objections. (*Id.*) Despite the passage of more than two months, Plaintiff did not file any objections. Thus, on July 26, 2016, an order issued adopting the findings and recommendations which closed the action, and judgment was entered that same date. (Docs. 5, 6.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment."

---

[1] Here again, Plaintiff uses the words "attempted murder," but such conclusory assertions need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At best, it appears Plaintiff's use of such words in this filing, as in his pleadings, is a thinly veiled attempt to skirt the restrictions of 28 U.S.C. § 1915(a). (*See also* Doc. 4.)

[2] It is noted that, there was some confusion at the prison based on Plaintiff using an alias in this action "Gary Dale Barger" instead of his real name "Gary Francis Fisher." (*See* May 17, 2016 docket entries.) However, orders were re-served on Plaintiff on May 17, 2016 with clarification via Plaintiff's inmate number and identifying his use of aliases. (*Id.*)

Fed. R. Civ. P. 60(b).  Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Id.

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances [exist]."  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

Here, Plaintiff has presented neither newly discovered evidence nor an intervening change in the controlling law under which he should be granted *in forma pauperis* status.  Plaintiff has demonstrated no viable basis for reconsideration.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. 7) is **DENIED** and this case remains CLOSED.

IT IS SO ORDERED.

Dated:   November 14, 2016                                      _____
                                                                SENIOR  DISTRICT  JUDGE

3